Private Alfred J. **RAINHA**, Petitioner,

v.

Myles D. **CASSIDY**, Commanding Officer,
H & S Co., 1st Battalion, 25th Marine
Corps, et al., Respondents.

Misc. No. 553.

United States Court of Appeals,
First Circuit.

Heard Jan. 12, 1972.

Decided Jan. 13, 1972.

Herbert N. Goodwin, Boston, Mass., for appellant.

Robert B. Collings, Asst. U. S. Atty., for appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

Petitioner seeks a stay in connection with his appeal from the denial of a restraining order in connection with his habeas corpus petition by the district court, which, in practical effect, amounts to a dismissal of the petition.[1] The court denied the stay without hearing the parties, relying on a magistrate's report of findings and recommendations based upon an evidentiary hearing before the magistrate. Petitioner appeals.

We are troubled at the outset by this procedure. A magistrate has authority to do certain limited things, and to perform such further duties "as are not inconsistent with the Constitution and laws of the United States," as may be determined by the particular district court. 28 U.S.C. § 636(b). As a statutory example, we quote subsection (3).

"(3) preliminary review of applications for posttrial relief made by in-

---

1. Without a restraining order or stay petitioner would be AWOL unless he reported for duty forthwith outside of the District. While the court does not normally recognize jurisdiction to review the denial of a restraining order, as distinguished from a preliminary injunction, where the interlocutory order effectively denies relief an exception may be recognized. *Cf.* Cohen v. Beneficial Industrial Loan Corp., 1949, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528.

dividuals convicted of criminal offenses, and submission of a report and recommendations to facilitate the decision of the district judge having jurisdiction over the case as to whether there should be a hearing."

While the present case involves a habeas proceeding of a different character, the thought that the magistrate, rather than recommending a hearing after a preliminary review, could be empowered to conduct the evidentiary hearing himself and make findings of fact, to be approved by a pro forma laying on of hands by the district court without notice, does not appeal to us in the least.

 We do not pursue this matter in the present case because a close questioning of counsel by the single judge of this court to whom a hearing on the application for stay was referred, discloses that in fact petitioner admitted the correctness of certain of respondent's testimony which we regard as foreclosing any possibility of success on petitioner's part. Petitioner was in the Marine Reserves. He usually attended duty meetings, but occasionally neglected to do so. After each alleged failure he received the regulation notice of the deficiency charged against him. In some instances, allegedly, he made them up. The magistrate's finding that in spite of make-ups he nevertheless accumulated the fatal number requiring his involuntary activation we would not accept, were the issue determinative, but it is not. The practice of make-ups and excuses was perhaps informal. What was not informal was the registered letter which petitioner received in September informing him of his fatal number of deficiencies, and his impending activation unless he responded in writing with whatever explanation or protest he wished to make. The letter said that failure to reply in ten days would be taken as a waiver.[2] Petitioner received the letter. For over two months he did nothing. He offers no excuse except that it had not seemed important at the time. In December he made inquiry of someone, not his commanding officer, and was told that it was too late. Manifestly it was.

The stay is denied.

2. The letter enclosed copy of the relevant portion of the Military Code and proceeded as follows.

"1. This letter is to inform you that under the provisions of reference (a) you have become an unsatisfactory participant and your Commanding Officer is recommending you for assignment to involuntary active duty.

2. You are hereby permitted to submit a signed statement in your own behalf. You may, in addition, submit signed statements of others in your behalf that bear on the action contemplated.

3. Enclosure (1) is submitted for your completion.

4. To facilitate your reply, a self-addressed envelop is enclosed. You are directed to take action in accordance with paragraph 3 above within (10) ten days from the date of this letter. Failure to reply will be considered as your desire not to make a statement.

s/ J. C. Goodin
Inspector-Instructor
s/ Myles D. Cassidy
Commanding Officer."