**Roger REED et al., Plaintiffs-Appellants,**

v.

**The BOARD OF ELECTION COMMIS-SIONERS OF the CITY OF CAM-BRIDGE et al., Defendants-Appellees.**

No. 71–1380.

United States Court of Appeals,
First Circuit.

Heard Feb. 24, 1972.

Decided May 1, 1972.

Harvey M. Burg, with whom Samuel Knight and Matthew Feinberg, Boston, Mass., were on brief, for appellants.

Michael J. Lack, Boston, Mass., with whom Philip M. Cronin and Withington, Cross, Park & Groden, Boston, Mass., were on brief, for appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

This controversy arises out of a refusal by the Cambridge Board of Election Commissioners to register as eligible voters certain students attending school in Cambridge, Massachusetts. Plaintiff students on behalf of themselves and others similarly situated brought suit for injunctive and declaratory relief contending that the Board imposed unconstitutional requirements and burdens in determining that they were not residents. On October 27, 1971, the plaintiffs sought a preliminary injunction directing the Board to register them in time for the November 2, 1971, municipal election. After an expedited hearing before a magistrate, the court ordered the provisional registration of all but three of the named plaintiffs. These three appeal.

The threshold question here is whether this is an appeal from the denial of a preliminary injunction or from a final judgment. If the only issue before us were the district court's denial of a preliminary injunction providing for provisional registration, the passing of the November 2, 1971, election without the votes of these appellants, so far as we know, having been decisive in any race would undoubtedly moot the present appeal. Very possibly sensitive to this, but apparently also anxious to advance their cause as quickly as possible, appellants argue that a final judgment was entered below implicating the merits of the entire controversy. They have accordingly, unwarrantedly in our view, leaned on an inaccurate observation by the magistrate in characterizing the proceedings below.

The complaint in the underlying action was filed on October 27. A motion for a preliminary injunction was filed the same day and an order to show cause issued. Because of the imminence of the election a hearing was held on Saturday, October 30, before a magistrate. At this

hearing testimony was presented, and on Monday, November 1, the magistrate filed an extensive memorandum of findings and an order granting the motion for provisional registration as to twenty-one of the named plaintiffs. The memorandum was approved by the court on the same day. The court did not have before it what ultimately amounted to over 100 pages of testimony.

■ The magistrate's memorandum recited the following:

"The students filed a motion for a preliminary injunction. However, the case was heard on the merits."

The court's blanket approval presumably endorsed this recitation. There is nothing, however, to indicate that the case was heard on the merits,[1] or that the parties thought so.[2] To the extent that it purported to be a decision on the merits, particularly a final decision involving findings of fact without even notice and opportunity to be heard by a judge, it was what we have previously described as "a laying on of hands," Rainha v. Cassidy, 454 F.2d 207 (1st Cir., 1972), and an abnegation of judicial authority by the court entirely contrary to the provisions of Article III. The extent to which even preliminary injunctions should be passed on in this manner deserves very careful consideration at some future date.

■ We may add that there is no final judgment on the merits in the record.

All that appears is an order to the effect that appellants not receive an injunction requiring them to be registered as voters in time for the November 2 election, from which they promptly appealed. Appellants blur, consciously or otherwise, the question of our jurisdiction of the merits with the statement in their brief that "said Order is in fact and operates as a 'final judgment' by the court below with respect to their rights." Even if, as appellants suggest, they have presented all of their evidence and a magistrate, confirmed by the court, stated that the case was heard on the merits, at a minimum there was no formal order dismissing the case. Moreover, it is clear that even if appellants presented all their evidence, appellees did not. Indeed, with respect to the constitutional claims that are now argued at exceptional length by the appellants, appellees did not present any evidence whatever, and had no occasion to. The record is entirely inadequate, as well as unfair to appellees, to resolve the difficult statutory and constitutional issues raised by this case.[3] Nor should we hasten to preclude the Board from having an opportunity to evolve procedures to meet the needs created by the adoption of the twenty-sixth amendment.[4] *See* Richardson v. Wright, 405 U.S. 208, 92 S.Ct. 788, 31 L.Ed.2d 151 (1972); *see also* Ely v. Klahr, 403 U.S. 108, 91 S.Ct. 1803, 29 L.Ed.2d 352 (1971). We therefore conclude that the district court has not reached the merits of the present controversy and that the present appeal

1. The only relief given by the district court in its Order of November 1, 1971, entailed provisional registration and the holding of any votes cast pursuant to the provisional registration in escrow "pending further order of the Court."

2. On November 3 the parties stipulated "that the hearing on the issuance of a Preliminary Injunction held on October 30, 1971 was not a final hearing on the merits, but was limited to the question of preliminary relief."

3. *Compare* Wilson v. Symm, 341 F.Supp. 8 (S.D.Tex.1972) with Bright v. Baesler, 336 F.Supp. 527 (E.D.Ky.1971); Kennedy v. Meskill, No. 14548 (D.

Conn. Sept. 13, 1971); Anderson v. Brown, 332 F.Supp. 1195 (S.D.Ohio, 1971). *Compare also* McDonald v. Board of Elections, 394 U.S. 802, 89 S.Ct. 1404, 22 L.Ed.2d 739 (1969) with Williams v. Rhodes, 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968).

4. *"Amendment XXVI.—Right to Vote: Citizens Eighteen Years of Age or Older*
    Section 1. The right of citizens of the United States, who are eighteen years of age or older, to vote shall not be denied or abridged by the United States or by any State on account of age."

from denial of provisional registration is now moot.

 Although this technically disposes of all issues actually before us at the present time, one further observation may be appropriate. Plaintiffs in the underlying cause of action have asked us to determine that defendants' establishment of a special procedure, and special questions, for students is a denial of equal protection, or lacks due process.[5] We note that precisely this complaint was made in Manard v. Miller, 53 F.R.D. 610, a three-judge district court proceeding in the Eastern District of Virginia. The court in *Manard* felt obligated to abstain, citing Harris v. Samuels, 5 Cir., 440 F.2d 478, cert. denied, 404 U.S. 832, 92 S.Ct. 77, 30 L.Ed.2d 62 (1971), apparently because of a possible construction of Virginia law which could have obviated the need to reach the constitutional issues involved in the case. The Supreme Court affirmed the abstention order on March 20, 405 U.S. 982, 92 S. Ct. 1253, 31 L.Ed.2d 449 (1972).

 Whether the Court felt that Virginia law left an open question, or whether it felt that plaintiffs lacked standing until they had, factually, lost their claim in the state adjudicatory process, cannot be told. Even if it was only for the former reason, we must abstain. Although there are Massachusetts cases of rare vintage establishing the right of students to vote in towns where they attend school, *see, e. g.,* Putnam v. Johnson, 10 Mass. 488 (1813), we have found no case which would guide a federal court in determining what tests and/or presumptions a local election board may adopt under present Massachusetts election laws, M.G.L.A. ch. 51, § 1 *et seq.,* in deciding whether to register individual students. Without prejudice, therefore, to the district court's power to act in regard

to any unfinished business connected with its grant of provisional relief, the court should in light of the *Manard* case abstain from a decision on the merits of the present case while retaining jurisdiction in the event relief is not forthcoming from the state courts.

---

5. The appellees contend that since registration was originally sought for the November 2, 1971, election, the entire case is now moot. Although, as noted, this contention has merit insofar as provisional relief for past elections is concerned, the ultimate relief sought is directed at registration procedures in general and the pendency of state and national elections renders this aspect of the case anything but moot. Dunn v. Blumstein, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972).