478 F.2d 699
 Mrs. Patricia DEWRELL, as Administratrix of the Estate of
Mrs. Lonie S. Jackson, Deceased, Plaintiff-Appellant,
v.
Caspar W. WEINBERGER, as Secretary of Health, Education and
Welfare, Defendant-Appellee.
 No. 73-1058 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 May 2, 1973.
 
 Frank J. Mizell, Jr., Montgomery, Ala., for plaintiff-appellant.
 Ira DeMent, U. S. Atty., Kenneth E. Vines, Asst. U. S. Atty., Montgomery, Ala., for defendant-appellee.
 Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this suit for review of a denial of Social Security benefits, claimant alleges that there was no substantial evidence to justify denial of her claim and that she was denied procedural due process in her disability hearing. The District Court, relying on its Magistrate's recommendations, affirmed the administrative decision. We affirm.
 
 
 2
 The Social Security Act provides that the Secretary's factual findings which are supported by substantial evidence shall be conclusive. 42 U.S.C.A. Sec. 405 (g). This Court's task, therefore, is limited to review of the administrative record to determine if there is such substantial evidence to support the Secretary's decision. See Jackson v. Richardson, 449 F.2d 1326 (5th Cir. 1971).
 
 
 3
 Section 223(d)(2)(A) of the Social Security Act, 42 U.S.C.A. Sec. 423(d)(2) (A) provides that
 
 
 4
 an individual . . . shall be determined to be under a disability only if his physical or mental . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .
 
 
 5
 Careful review of the record reveals substantial medical evidence that claimant did not qualify for benefits under this definition of "disability."
 
 
 6
 We find no merit in appellant's claim that she was denied procedural due process in her disability hearing.
 
 
 7
 Affirmed.
 
 
 
 *
 Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I