Chester McKINNEY, Petitioner-Appellant,

v.

James C. PARSONS, in his Capacity as Chief of Police of the City of Birmingham, Alabama, Respondent-Appellee.

No. 73–2056.

United States Court of Appeals, Fifth Circuit.

Jan. 17, 1974.

---

2. *See* 28 U.S.C. § 2106.

Robert Eugene Smith, Gilbert H. Deitch, Atlanta, Ga., Ferris S. Ritchey, Jr., Birmingham, Ala., D. Freeman Hutton, Atlanta, Ga., for petitioner-appellant.

Herbert Jenkins, Jr., Asst. City Atty., Birmingham, Ala., for respondent-appellee.

Before GODBOLD, DYER and GEE, Circuit Judges.

PER CURIAM:

Chester McKinney appeals from denial of his petition for habeas corpus relief from sentences imposed by the Circuit Court of Jefferson County, Alabama, following conviction on six charges of violating the Birmingham obscenity ordinance. One of appellant's points on appeal is that the District Judge below improperly abdicated to the Magistrate his responsibility to reach a decision based upon a personal inspection of the allegedly obscene material. Because of our agreement with appellant on this point, we do not reach the substantive question of obscenity.

28 U.S.C. § 636 enables District Courts to establish local rules whereby United States Magistrates may be assigned duties "not inconsistent with the Constitution," including:

(3) preliminary review of applications for posttrial relief made by individuals convicted of criminal offenses, and submission of a report and recommendations to facilitate the decision of the district judge having jurisdiction over the case as to whether there should be a hearing. 28 U.S.C. § 636(b).

The United States District Court for the Northern District of Alabama has adopted rules which we construe to grant the local Magistrates such jurisdiction over petitions for habeas corpus as is allowed by the above quoted provision in the Federal Magistrates Act.

Upon the filing of McKinney's petition, the District Judge referred it to a Magistrate for review and recommendation. The Magistrate considered the four magazines and two films involved and made a "finding" that all were obscene. The District Judge then entered a brief order which recites, "The Court hereby adopts and accepts this finding [of obscenity] made by the Magistrate," and indicates that the Court's conclusion was reached merely "[a]fter considering all the pleadings in this case together with the Magistrate's report. . . ." It thus appears that the District Judge did not personally inspect the allegedly obscene material. This it was his ineluctable duty to do, with or without the preliminary assistance of the Magistrate. Whatever beneficial services Magistrates may properly render in habeas corpus and other cases, they may not be the sole arbiters of the decisive issue of obscenity.[1]

Appellant would also have us hold that on remand the District Court is required to conduct an evidentiary hearing on his petition so that he may introduce expert testimony as to whether the material is obscene. This contention has very recently been rejected in this Circuit. See Gornto v. MacDougall, 482 F.2d 361 (5th Cir., 1973). Habeas applicants are entitled to the same independent constitutional judgment on the issue of obscenity as are those on appeal; they are not entitled to a de novo proceeding.

We therefore vacate the order below denying relief to McKinney and remand for the District Judge to fulfill his obligation, however unpleasant, to reach a decision from personal inspection of the materials and the record in state court.

Vacated and remanded.

---

1. Independent constitutional review is required in this First Amendment case. We have no occasion to reach, and do not reach, the question of a magistrate's power to conduct evidentiary hearings in habeas corpus cases in general. In this connection, we note, however, the recent decision of the Sixth Circuit that he has no such power. See Wedding v. Wingo, 483 F.2d 1131 (6th Cir., 1973).