Victoria **YASCAVAGE**, obo Nicholas Yascavage, Plaintiff,

v.

Caspar **WEINBERGER**, Secretary of Health, Education and Welfare, Defendant.

Civ. No. 72–232.

United States District Court, M. D. Pennsylvania.

May 15, 1974.

Peter Krehel, Sunbury, Pa., for plaintiff.

S. John Cottone, U. S. Atty., James W. Walker, Sal Cognetti, Jr., Asst. U. S. Attys., Scranton, Pa., for defendant.

SHERIDAN, Chief Judge.

This is an action to review the final decision of the Secretary of Health, Education and Welfare denying the plaintiff's claim as a widow of a miner for "black lung" benefits pursuant to §§ 411(a) and 412(a)(2) of the Federal Coal Mine Health and Safety Act of 1969, as amended. 30 U.S.C.A. §§ 921(a) and 922(a)(2). The Secretary filed a motion for summary judgment and the court entered an order referring the action to the full-time magistrate for this district for report and recommendations on the Secretary's motion. The Secretary then filed a motion requesting the court to vacate the order referring the action to the magistrate, and this motion to vacate is now before the court.

The grounds for defendant's motion to vacate are that (1) the referral of this action to the magistrate is beyond the jurisdiction of the court because such referral violates Rule 53(b) of the Federal Rules of Civil Procedure,[1] and exceeds the authority granted by the Federal Magistrates Act, 28 U.S.C.A. §§ 631–639; (2) the referral may violate the Constitution of the United States; and (3) the referral interjects an extra level of review into the judicial review process, thereby placing an added burden upon the litigants.

In his brief, defendant "submits" that the duties assigned to the magistrate in this case are those customarily assigned to a special master pursuant to Rule 53. In advancing this contention, defendant

1. Rule 53, Fed.R.Civ.P., concerns reference of a case to a "master." Rule 53(b) provides in part that such reference shall be the exception and not the rule, and in non-jury cases, shall be made only upon a showing that some exceptional condition requires it.

relies heavily on Ingram v. Richardson, 6 Cir. 1972, 471 F.2d 1268. With all due respect, this court disagrees with the decision in *Ingram*.

*Ingram* was a Social Security case referred to a United States Magistrate who, in a report and recommended decision, apparently made findings of fact and conclusions of law, and recommended that summary judgment be entered in favor of defendant. The district court denied objections to the report and "adopted the Magistrate's findings of fact and conclusions of law, and entered summary judgment in favor of the defendant." The court of appeals reversed. The court of appeals viewed the reference of the case to the magistrate as a reference under 28 U.S.C.A. § 636(b)(1), which provides that the additional duties a magistrate may perform include service as a master in appropriate civil actions, pursuant to the Federal Rules of Civil Procedure. The court of appeals held that references to a master under Rule 53(b), Fed.R.Civ.P., are to be the exception and not the rule, and finding no exceptional circumstances, held that the reference of Social Security cases to the magistrate as of course was error.[2]

■■■ The holding that the case was, and apparently could only be, referred to the magistrate pursuant to § 636(b)(1), appears to be an unduly restrictive interpretation of § 636. Section 636(b) provides that a magistrate may be assigned such additional duties "as are not inconsistent with the Constitution and the laws of the United States . . . [which] may include, *but are not restricted to*" certain enumerated duties in three categories, including service as a special master:

"§ 636. Jurisdiction, powers, and temporary assignment.

. . . . . .

"(b) Any district court of the United States, by the concurrence of a majority of all the judges of such district court, may establish rules pursuant to which any full-time United States magistrate, . . . may be assigned within the territorial jurisdiction of such court such additional duties as are not inconsistent with the Constitution and laws of the United States. The additional duties authorized by rule may include, *but are not restricted to*—

"(1) service as a special master in an appropriate civil action, pursuant to the applicable provisions of this title and the Federal Rules of Civil Procedure for the United States district courts;

"(2) assistance to a district judge in the conduct of pretrial or discovery proceedings in civil or criminal actions; and

"(3) preliminary review of applications for posttrial relief made by individuals convicted of criminal offenses, and submission of a report and recommendations to facilitate the decision of the district judge having jurisdiction over the case as to whether there should be a hearing." (Emphasis supplied.)

Service as a master may involve all incidents of a non-jury trial, including the reception of documentary evidence and the taking of testimony where credibility based on demeanor of the witness may be important. The master may also rule on the admissibility of evidence and make findings of fact and conclusions of law:

"RULE 53. Masters.

. . . . . .

"(c) Powers. . . . Subject to the specifications and limitations stated in the order, the master has and shall exercise the power to regulate all

---

2. The circuit court did not remand the case to the district court for the district court's decision, unaided by the magistrate's views, but rather, went on to review in detail both the record and the conclusions of the magistrate, which the court had just held the magistrate should not have made, and directed that judgment be entered for the plaintiff.

proceedings in every hearing before him and to do all acts and take all measures necessary or proper for the efficient performance of his duties under the order. He may require the production before him of evidence upon all matters embraced in the reference, including the production of all books, papers, vouchers, documents, and writings applicable thereto. He may rule upon the admissibility of evidence unless otherwise directed by the order of reference and has the authority to put witnesses on oath and may himself examine them and may call the parties to the action and examine them upon oath. When a party so requests, the master shall make a record of the evidence offered and excluded in the same manner and subject to the same limitations as provided in Rule 43(c) for a court sitting without a jury.

.   .   .   .   .   .

"(e) Report.

"(1) Contents and Filing. The master shall prepare a report upon the matters submitted to him by the order of reference and, if required to make findings of fact and conclusions of law, he shall set them forth in the report.  .  .  .

"(2) In Non-Jury Actions. In an action to be tried without a jury the court shall accept the master's findings of fact unless clearly erroneous. .   .   ."

In a Social Security case, however, there is no trial, no evidence is received and no witnesses are heard; rather, the matter is decided on a record developed at the administrative level. The review of a Social Security action involves only the questions of law as to whether the Secretary's decision is supported by substantial evidence, and

whether proper legal standards were applied. McGaha v. Ribicoff, D.Del.1966, 262 F.Supp. 161.[3] Whether the case is considered initially by the court or the magistrate, disagreement with the Secretary's findings is not permitted when they are supported by substantial evidence.[4] The court, in reviewing the magistrate's report, has before it the same record that the magistrate had before him—a record developed by the Secretary.

■ That the reference is pursuant to the broader "additional duties" language of § 636(b) and not pursuant to the "non all-inclusive" enumerated categories, particularly § 636(b)(1), appears to be the interpretation of the Administrative Office of the United States Courts (Administrative Office). The jurisdictional checklist of additional duties supplied by the Administrative Office as a guide in developing local rules specifies many duties not specifically enumerated in § 636 which a magistrate may perform. Apart from service as a special master, the checklist provides that "other duties" may include the review and a report and recommendation on cases which come before the court on a "developed administrative record," including Social Security cases.

The Government, in line with its "submission" that a Social Security action is referred to the magistrate under Rule 53(b), argues that the necessity of complying with Rule 53(b) was recognized by Congress when it considered the Federal Magistrates Act, and sets forth at length excerpts from Senate Report No. 371 made by the Committee on the Judiciary (90th Cong., 1st Sess., "The Federal Magistrates Act," report on S. 945, June 28, 1967). These excerpts deal with the Committee's concern that Rule 53(b) be complied with when

3. It is because only questions of law are involved that Social Security actions come before the court on a motion for summary judgment.

4. To the extent that in *Ingram*, the magistrate and the district court may have made

findings of fact and conclusions of law different from, or in addition to, the Secretary's findings, the result in *Ingram* would be correct in that 42 U.S.C.A. § 405(g) limits the court's review to the findings of the Secretary.

a case is in fact referred to a magistrate as a special master. There is no indication in the report, however, that it was considered that *all* matters referred to a magistrate are referrals as a master under Rule 53(b), and the language of § 636(b), of course, would not justify any such construction of the Act.

The United States Court of Appeals for the Third Circuit and at least one other circuit also have apparently taken a broader view of the "other duties" provision of § 636(b). In at least two Social Security cases in this district, the district court's orders adopting the magistrate's report and recommendations have been upheld by the Third Circuit. In Davis v. Weinberger, Civil Action No. 71–466, M.D.Pa., the magistrate submitted a report and recommendation that the Secretary's motion for summary judgment be granted. This report included a discussion of plaintiff's argument that the Secretary failed to take into account the relevant testimony of the vocational expert. Judge Nealon entered an order in which he approved and adopted the report and entered judgment for the Secretary. On June 7, 1973, the Court of Appeals for the Third Circuit (Chief Judge Seitz, and Judges Staley and Hunter) entered a judgment order (listed in 480 F.2d 917) affirming the judgment of Judge Nealon:

"After considering plaintiff's contention that the decision of the Secretary, as affirmed by the district court, was not supported by the weight of the evidence, and failed to take into account the relevant testimony of the vocational specialist based upon a hypothetical, and finding such decision not clearly erroneous, it is

"ORDERED AND ADJUDGED that the judgment of the district court is hereby affirmed. Costs taxed against appellant."

In Martin v. Richardson, No. 72–157 Civil, M.D.Pa., Judge Herman entered an order adopting a report of the magistrate in which it was recommended that defendant's motion for summary judgment be granted and plaintiff's cross motion for summary judgment be denied. On October 11, 1973, the Court of Appeals for the Third Circuit (Judges Staley, Van Dusen and Adams) entered a judgment order (listed in 485 F.2d 680) affirming the order of Judge Herman:

"After consideration of the contentions of appellant, the briefs of counsel, the report of the Magistrate to the district court, and the record, it is ordered and adjudged that the February 9, 1973 district court judgment is affirmed."

In Dewrell v. Weinberger, 5 Cir. 1973, 478 F.2d 699, the Circuit Court affirmed a judgment of the district court made in reliance on its magistrate's recommendations in a Social Security case referred to the magistrate.

Decisions regarding magistrates' duties, reports and recommendations in areas other than Social Security actions lend support to the views expressed herein. As previously noted, a magistrate is authorized, pursuant to § 636(b)(3), to make a preliminary review of application for post-trial relief. The Third Circuit has squarely held that a reference of a habeas corpus action to a magistrate for a report on the merits and a recommendation as to the need for an evidentiary hearing is proper. United States ex rel. Henderson v. Brierley, 3 Cir. 1972, 468 F.2d 1193. In that case, the magistrate filed a report finding the petition to be without merit (apparently as a matter of law, on the basis of a state court record) and the district court denied the petition on the basis of the magistrate's report. Since the magistrate's consideration of that habeas corpus case apparently involved the consideration of a record developed at a hearing before the state court, it would seem that there is little difference between that situation and the reference of a Social Security case where the record is developed before the administrative agency. In O'Shea v. United States, 1 Cir. 1974, 491 F.2d 774, the First Circuit, which has taken a conservative approach in matters involving du-

ties of a magistrate, has also recognized that a magistrate, in making a preliminary review of applications for post conviction relief, "may receive the state court record."

In connection with its contention that the referral of a Social Security case to a magistrate may violate the Constitution of the United States, the Government argues that Social Security actions are generally decided on motions to dismiss or motions for summary judgment, and that decisions on such motions, which may go to the final adjudication of the case, may only be made by a judge appointed in accordance with article III of the Constitution of the United States. The Government recognizes that the order of reference in the instant case provides that the magistrate is only to make recommendations concerning disposition of the motion, and that the ultimate decision rests with a United States district judge. It argues, however:

> "In the case at bar, the Order of Reference does not expressly state whether the District Court will independently review the administrative record before making its final decision. If the Court does not make an independent review of the record, we submit that it is at least questionable whether plaintiff has received that kind of decision by an Article III Judge to which he is entitled, and if the Court does make an independent review, it has interjected an extra level into the judicial review process which we believe is unnecessary and imposes an added burden upon the litigants." (Footnote omitted.)

The Government cites TPO, Inc. v. McMillen, 7 Cir. 1972, 460 F.2d 348,

Rainha v. Cassidy, 1 Cir. 1972, 454 F.2d 207, and Reed v. Board of Election Commissioners of City of Cambridge, 1 Cir. 1972, 459 F.2d 121, for the proposition that only an article III judge, and not a magistrate, has the power to exercise ultimate adjudicating responsibilities.

■■ This court has no quarrel with the proposition that in connection with motions to dismiss and motions for summary judgment in Social Security cases, only an article III judge can engage in ultimate adjudicating responsibilities. The cited cases, however, do not shed much light on the question of referral of a Social Security case to a magistrate to report and make recommendations with respect to a motion submitted on a developed record. *TPO, Inc.* involved a referral of a civil action to a United States magistrate "to conclude everything up to the date of trial" and pursuant to the referral, the magistrate denied a motion to dismiss filed by one of the parties. *Rainha* involved a habeas corpus proceeding referred to a magistrate who conducted an evidentiary hearing and made findings of fact which were approved by the district court, and the court of appeals questioned the propriety of the magistrate's conducting the evidentiary hearing. *Reed* also involved the question of the propriety of a magistrate holding an evidentiary hearing in connection with a motion for a preliminary injunction, and the district court's approval of his report without having the record before it. As previously noted, however, a Social Security case does not involve the holding of an evidentiary hearing where the resolution of credibility of witnesses may be important, and thus, this question is not now before the court.[5] And, as the Government has

---

5. It is noted in passing that the First Circuit has to some extent backed away from the doubt expressed in *Rainha* that a magistrate could hold an evidentiary hearing in that in United States v. King, 1 Cir. 1972, 455 F.2d 345, it held that a magistrate could conduct an evidentiary hearing on an "order of call" issue in a Selective Service case, and in O'Shea v. United States, 1 Cir. 1974, 491 F.2d 774, it held that under certain condi-

tions, a magistrate may conduct an evidentiary hearing in a habeas corpus action. Otherwise, there appears to be a split among the Circuits as to whether a magistrate may conduct an evidentiary hearing in habeas corpus actions. Compare *O'Shea*, supra, United States ex rel. Gonzalez v. Zelker, 2 Cir. 1973, 477 F.2d 797; Johnson v. Wainwright, 5 Cir. 1972, 456 F.2d 1200; Parnell v. Wainwright, 5 Cir. 1972, 464 F.2d

recognized, the magistrate in this district is not empowered to decide the motion for summary judgment, but rather, this decision rests with a United States District judge. The Government's concern appears to be largely with the wording of the order of reference since the Government states that the order does not expressly indicate whether the district court will independently review the administrative record before making its final decision. The Government, in effect, argues that since in the order of reference the court has not indicated that it will not abdicate its ultimate adjudicatory responsibilities, the Government has no guarantee that it will not do so.

The Government's uneasiness with the wording of an order is a flimsy basis on which to mount a constitutional attack. This court will make an independent review of the record and weigh the magistrate's report and recommendations against such review. Since at least one court of appeals decision has raised the question that a court's order of adoption of the report of the magistrate in a habeas corpus action did not indicate whether an independent review of the record had been made,[6] this court has recently adopted the practice of stating in the order of adoption that an independent review of the record has been made. This practice is in accordance with a similar practice followed by the Supreme Court of the United States when it has occasion to refer a case to a special master, where much more is involved than the review of a developed administrative

record, and where the Supreme Court has thus relied on the report of its master.[7] The true value of the magistrate's report in a Social Security case is that it facilitates, but does not supplant the court's decision. In his report, the magistrate organizes the various matters involved in the action, including a statement of the issues involved, a statement of the vocational and educational background of the claimant, a summary of the administrative proceedings, a statement of the findings of the Secreary with respect to the issues involved, a summary of the evidence, an analysis of the evidence in the light of established law, and an analysis of any special legal arguments involved. With this data so organized, the court is in a position to review the record against the magistrate's report and to gauge the propriety of his recommendations accordingly.

Insofar as the type of motion is concerned, the magistrate in this district has conducted preliminary evaluation of motions for summary judgment in Civil Rights cases, and at least one such case, the court's order adopting the magistrate's report has been upheld. Schartner v. Copeland, 3 Cir. 1973, judgment order listed in 478 F.2d 1399.

■ Finally, the Government's argument that the referral of a Social Security action to a United States magistrate interjects an extra level into the judicial review process, thereby placing an added burden on the litigants, is specious. The Government argues that even if the

735; Talavera v. Wainwright, 5 Cir. 1972, 468 F.2d 1013; but see McKinney v. Parsnos, 5 Cir. 1974, 488 F.2d 452; Noorlander v. Ciccone, 8 Cir. 1973, 489 F.2d 642, and Kirby v. Ciccone, 8 Cir. 1974, 491 F.2d 1310 (one judge dissenting), with Wedding v. Wingo, 6 Cir. 1973, 483 F.2d 1131. The United States Supreme Court, on January 21, 1974 (414 U.S. 1157, 94 S.Ct. 914, 39 L.Ed.2d 109), granted certiorari in *Wedding* to consider the question of whether a magistrate may conduct an evidentiary hearing. As appears from its decisions in *Wedding* and *Ingram*, the latter relied on by the Government in the instant case, the Sixth Circuit has taken a conservative view with respect to the intentions of Congress in enacting the Federal Magistrates Act.

6. See McKinney v. Parsons, note 5, supra.

7. In Mississippi v. Arkansas, 1974, 415 U.S. 289, 94 S.Ct. 1046, 39 L.Ed.2d 333, the Supreme Court, in agreeing with its master's evaluation of the evidence stated, "Upon our own independent consideration and our independent review of the entire record, of the report filed by the Special Master, of the exceptions filed thereto, and of the argument thereon, a decree is accordingly entered."

court makes an independent review of the record, the magistrate is authorized court, and that whether findings are to prepare a recommendation to the prepared or not, "we assume that the magistrate in his proposed order of decision will in some manner evaluate the evidence contained in the administrative record." The Government argues, therefore, that if the magistrate's proposed decision is in favor of the Government, the plaintiff will have the burden of overturning not only the evaluation of the evidence by the Secretary, but also the evaluation of the evidence by the magistrate, as well.

■ The magistrate's evaluation of the evidence, and hence, the court's evaluation, if it agrees with the magistrate, is not made with a view toward substituting his evaluation for that of the Secretary, but rather, goes only to the question of its substantiality under established legal standards. Moreover, before the Social Security action even reaches the court, a plaintiff has the "burden" of overturning many levels of evaluation of administrative review. His application is first evaluated by a disability examiner and when it is denied, it is then evaluated upon reconsideration. When that is denied, he receives a hearing. If the administrative law judge's evaluation and decision is adverse to him, he must seek to have that decision overturned by the Appeals Council. If the Appeals Council, either in its own decision or by permitting the decision of the administrative law judge to stand, finds against the claimant, we then have a decision of the Secretary which is reviewable by the courts. On court review, the United States Attorney files a brief giving his views on the evidence. It is, however, only the decision of the Secretary which is reviewable, in the context of the substantiality of the evidence on

which it was based, even though it has been reached after many hands have been laid on the decision. Similarly, it is only the decision of the court which the parties to a Social Security action must overturn. When this court, after a review of the record, adopts the magistrate's report, that is the decision of the district court, and not of the magistrate.

This court sees nothing innovative with respect to permitting a magistrate to express his views on the substantiality of the evidence. In O'Shea v. United States, supra, in the context of a magistrate's review of a post conviction relief application and record, the court recognized that the evaluation and conclusions of the magistrate can be of great assistance to the court:

> "We do not mean by this that the magistrate, after setting forth all the factors, should not recite his own conclusions; the statute expressly provides for his recommendation. The views of an experienced magistrate as to how the case should be decided can be of great assistance. Indeed, because of the limited, and hence repetitive nature of his jurisdiction, a magistrate may come to have more familiarity with a question than does some individual judge. The report, however, is the primary obligation; his recommendation, secondary." (Footnote omitted.)

In this district, practically all arguments on motions for summary judgment in Social Security cases are submitted on briefs. This is apparently due to a recognition by counsel that the court has the responsibility to review the entire record, pursuant to 42 U.S.C.A. § 405(g), and their contentions, therefore, can be adequately argued on briefs.[8] While a magistrate performs many important discretionary functions,

8. Local rule 301.03, M.D.Pa., provides that whether oral argument on any pre-trial motion shall be heard is discretionary with the court. In Social Security cases, the few times that argument is requested, the request is granted and argument is heard by the magistrate.

particularly in the criminal area, his assignment in a Social Security case, aside from regulating procedural steps necessary to bring the matter before the court and preparing and signing a report, closely parallels that which a law clerk would perform if the case were initially handled by the court. If the Government's argument were to prevail that Social Security cases should be handled by the court alone, then it would seem that to be consistent, it would also have to argue that a law clerk should not be involved in this review process because this would place the burden on the parties to overturn not only the evaluation by the Secretary, but also by the law clerk. The fact of the matter is that the court decides the case, and whether the case is reviewed by a law clerk or by a magistrate under the direction and supervision of the court, it is nevertheless the court's decision. To be sure, a law clerk is subject to more direct and concentrated supervision in the performance of his work. When a Social Security action is involved, however, in the final analysis, the court has before it all of the materials on which the magistrate based his report and recommendations. In O'Shea v. United States, supra, at note 4, the court cited the comments of the Senate Committee on the Judiciary, in its consideration of the then proposed Federal Magistrates Act, regarding the benefits hoped to be gained by having an experienced magistrate assist the court in preliminary review of post conviction applications, and these comments seem equally applicable to Social Security cases:

"A qualified, experienced magistrate will, it is hoped, acquire an expertise in examining these [post conviction review] applications and summarizing their important contents for the district judge, thereby facilitating his decisions. Law clerks are presently charged with this responsibility by many judges, but judges have noted that the normal 1-year clerkship does not afford law clerks the time or experience necessary to attain real efficiency in handling such applications. Senate Committee on the Judiciary, 90th Cong., 1st Sess., 'The Federal Magistrates Act,' report on S. 945, Rep. No. 371, at 26 (June 28, 1967)."

In the criminal area, a magistrate exercises much judicial power and discretion in the issuance of search warrants and arrest warrants, the conduct of preliminary and removal hearings, the setting of bail, and other such tasks. A magistrate has the power to exercise criminal trial jurisdiction involving minor offenses and in such cases is empowered to sentence a defendant to pay a fine not to exceed $1,000 or to a jail term not to exceed one year or both, even though under the Federal Magistrates Act, the Congress has ordained that his trial jurisdiction attaches only with the consent of the defendant, and that the magistrate's judgment is reviewable on appeal to the district court. When the Act was under consideration, the question was raised whether only an article III judge could be empowered to conduct trials of Federal criminal offenses, including minor offenses. In the hearings before the Subcommittee on Improvements in Judicial Administration of the Senate Committee on the Judiciary on S. 945, 90th Congress, 1st Sess. May 25, 1967, a memorandum of law prepared by the staff of the Subcommittee regarding "The Constitutionality of Trial of Minor Offenses by United States Magistrates" was inserted into the record at page 246. This memorandum concluded that the trial of minor offenses by a magistrate does not conflict with the Constitution, and that as a matter of constitutional history, the exercise of such power derives its justification either from the officer's status as a court appointee, the consent of the litigants, the availability of an appeal to an article III court, or a combination of these factors. As pointed out in that memorandum, it has not been unusual in the history of our country that Congress

has authorized article III judicial power to be exercised through court officers, such as Referees in Bankruptcy (now Bankruptcy Judges), Special Masters, and the former United States Commissioners, and through non-article III tribunals such as state courts, administrative and legislative agencies, and the Tax Court of the United States, provided that such power is exercised under the supervision and control of, or an appeal is available to, an article III court.[9] This memorandum or an analysis of its subject matter and citations need not be set forth at length, since it is not the purpose of this decision to determine what Congress might have constitutionally done, and the magistrate's trial jurisdiction is not here under attack. Moreover, it is clear that in enacting § 636(b) permitting the assignment of additional duties, Congress intended that such assignments be made under the control and supervision of the court with the ultimate decision reserved to the court. What the memorandum illustrates, however, is that officers appointed by the court have long exercised decision making duties, in some cases subject only to appellate review by the court, a situation which contrasts sharply with a magistrate's review of a Social Security case in which he reports and recommends with the ultimate decision remaining with the court.[10]

The motion to vacate the order of reference will be denied.

---

9. And see Palmore v. United States, 1973, 411 U.S. 389, 93 S.Ct. 1670, 36 L.Ed.2d 342, where the court, in upholding the constitutionality of the conviction of the defendant by the Superior Court of the District of Columbia, a non-article III tribunal, stated "it was neither the legislative nor judicial view . . . that trial and decision of all federal questions were reserved for Art. III judges."

10. Throughout this decision, the court has referred to the review of "Social Security" cases. The defendant's brief in support of its motion to vacate was couched in terms of the action being one "under 42 U.S.C. § 405(g) to review an administrative determi-nation regarding plaintiff's entitlement to disability benefits under the Social Security Act." While technically this action concerns plaintiff's right to benefits as a widow of a miner for "black lung" benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, § 413(b) of the Act, 30 U.S.C.A. § 923(b), incorporates the "substantial evidence" standard of review contained in § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g). Thus, the reference to "Social Security" reviews in this decision applies to any action, whether it be for disability or other type benefits, which comes before the court on a developed administrative record for review pursuant to the provisions of 42 U.S.C.A. § 405(g).