Bernard **KLIBAN** et al.

v.

**UNITED STATES of America.**

**Civ. No. B-952.**

United States District Court,
D. Connecticut.

Dec. 4, 1974.

Frank W. Murphy, Slavitt & Connery, Norwalk, Conn., for plaintiffs.

Peter Dorsey, U. S. Atty., Harold Pickerstein, Asst. U. S. Atty., Bridgeport, Conn., and James W. Littlefield, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## RULING ON DEFENDANT'S MOTION TO VACATE REFERENCE TO THE MAGISTRATE

ZAMPANO, District Judge.

In this civil action for refund of estate taxes, 28 U.S.C. § 1346(a)(1), the parties have stipulated to the facts and filed cross-motions for summary judgment with supporting briefs. Generally stated, the central issue of law presented is whether a widow's allowance ordered by a Connecticut probate court under statutory authority, Conn.Gen.Stat. § 45–250, qualified for the marital deduction permitted by 26 U.S.C. § 2056 for vested, non-terminable property interests passing from a decedent to the surviving spouse.

Following the Court's referral of those pending motions to United States Magistrate Arthur H. Latimer for his initial review, hearing of any requested oral argument and submission of a recommended memorandum ruling for adoption, modification or rejection by a United States District Judge in accordance with Rule 1(F)(2), District of Connecticut Rules for United States Magistrates (1972) ("Local Rules"), defendant has moved to vacate the "reference", challenging in this instance the Court's established practice of regularly invoking the full-time magistrate's assistance in a substantial advisory capacity, see, e.g., Arnold v. Weinberger, Civil No. B–369 (D.Conn. June 24, 1974); Murphy v. Weinberger, Civil No. B–613 (D.Conn. March 26, 1974).

█ The Court's use of the magistrate in that advisory role now challenged by defendant has been expressly commended by the Court of Appeals for this Circuit, see Givens v. W. T. Grant Co., 457 F.2d 612, n. 1 at 613 (2 Cir.), vacated and remanded on other grounds, 409 U.S. 56, 93 S.Ct. 451, 34 L.Ed.2d 266 (1972), and favorably viewed by members of the bar without prior exception. Since his appointment in 1971, Magistrate Latimer's consideration of well over two thousand significant civil and criminal matters has been of invaluable assistance to the Judges and has made a vital contribution to the administration of justice in this District. Defendant's novel objection to our local practice does not in any sense question the magistrate's noted and well-deserved "reputation with the bar for competence, impartiality and reasoned judgment", Asparro v. United States, 352 F.Supp. 1085, 1086 (D.Conn.1973). Defendant questions instead the Court's source of authority to utilize the magistrate's exceptional ability to such advantage, essentially contending that the Court has exceeded its powers under the Federal Magistrates Act to assign "duties . . . not inconsistent with the Constitution and laws of the United States", cf. 28 U.S.C. § 636(b), a potentially wide range of tasks which "may include, but are not restricted to" the rendering of "service as a special master . . . pursuant to . . . the Federal Rules of Civil Procedure", providing "assistance to a district judge in the conduct of pretrial or discovery proceedings", and the "preliminary review of applications for posttrial relief made by individuals convicted of criminal offenses", cf. 28 U.S.C. § 636(b)(1)–(3).

The argument's mistaken premise is that in recommending disposition of applications for summary judgment the magistrate must be acting as a traditional "special master", cf. 28 U.S.C. § 636(b)(1), whose employment would be unquestionably appropriate only in "exceptional" circumstances, cf. Rule 53(b), Fed.R.Civ.P. See Ingram v. Richardson, 471 F.2d 1268 (6 Cir. 1972). Even if Congress did not intend to modify exist-

ing constraints against general resort to Rule 53, cf. TPO, Inc. v. McMillen, 460 F.2d 348, 355–357 (7 Cir. 1972), despite removal of the underlying problems of significant added expense, delay and occasional inexperience inherent in reliance on *ad hoc* masters, to view any substantial assistance given by this Court's able full-time magistrate in the conduct of civil litigation as the product of a "special master" reference would be an unnecessarily restrictive reading of the statute and unsound in practice.

The usual reference pursuant to Rule 53(b) involves an evidentiary hearing and a possibly critical delegation of function in that "the master's findings of fact" from testimony heard by him must be accepted by the Court "unless clearly erroneous", cf. Rule 53(e)(2), Fed.R.Civ.P., while the magistrate's role in the instant matter is only to discuss the issues and recommend decision as a matter of law on an agreed-upon documentary record fully open to scrutiny upon the Court's evaluation and acceptance or rejection of the ruling proposed. It is certainly unreasonable to assume that in civil proceedings this permanent Court officer is to take merely the informal and limited part of an additional law clerk, and equally unreasonable to characterize each and every assignment of a greater responsibility as a special master reference within the meaning of 28 U.S.C. § 636(b)(1) and Rule 53. Indeed, such an approach would defeat meaningful provision of that "assistance to a district judge in the conduct of pretrial or discovery proceedings" expressly contemplated by the statute as a distinct illustrative duty for magistrates, cf. 28 U.S.C. § 636(b)(2); the Act has plainly created a new judicial officer of potentially far greater utility than the former master intermittently drawn from the bar for special service in the extraordinary case.

Accordingly, this Court's implementation of the statute has been governed by considerations of practical substance to the extent "not inconsistent with the Constitution and laws of the United States", cf. 28 U.S.C. § 636(b), securing for the Judges of the Court ongoing and substantial judicial assistance while preserving their full and final authority to render decision. Beyond his grant of authority, *inter alia*, "to serve as a special master in appropriate civil actions and proceedings, pursuant to Rule 53, Fed.R.Civ.P.", cf. Local Rule 1(D), in this District the full-time magistrate is empowered by Local Rule 1(F)

to assist the Judges of this Court in the conduct of pretrial proceedings in civil and criminal actions, in the following respects:

(1) To conduct pretrial conferences . . . in such civil actions as may be designated by the Court; provided, that any proposed pretrial order prepared by the full-time Magistrate . . . is to be reviewed and approved by a Judge of the Court prior to entry as a Court order, and any such proposed pretrial order may be adopted, modified or rejected in whole or in part by the reviewing Judge.

(2) To review and hear in civil and criminal actions all motions relating to discovery, and such other appropriate motions and applications as may be designated by the Court; provided, that (a) any proposed memorandum of decision or order prepared by the full-time Magistrate in connection with the hearing of a motion to dismiss or other motion which may result in the adjudication of any claim for relief or defense of any party is to be reviewed and approved by a Judge of the Court prior to entry as a decision or order of the Court, and any such proposed memorandum of decision or order may be adopted, modified or rejected in whole or in part by the reviewing Judge, and (b) the full-time Magistrate shall review and hear a motion requiring the weighing of credibility of a witness or witnesses testifying at the motion hearing only

if the full-time Magistrate is acting as a special master under an appropriate order of reference pursuant to Rule 53, Fed.R.Civ.P., in connection with the proceedings in question.

Retaining any applicable Rule 53 restrictions on significant delegation of fact-finding, that local rule has in turn been uniformly applied to elicit the magistrate's assistance in initial review and hearing of, and submission of recommended decision on, substantive motions in every variety of civil action without regarding the magistrate as a "special master" serving under Rule 53(b) when such applications have been susceptible of resolution as a matter of law on an undisputed or wholly documentary record.

The contrary and narrowly conceptual view now urged by defendant is both impractical and without apparent statutory foundation. If a more circumscribed role for magistrates had been intended in ordinary civil matters, like the continuing limits on participation in review of applications for post-conviction relief, Congress has amply demonstrated its ability to fix clear and explicit boundaries, see, e.g., Wingo v. Wedding, 418 U.S. 461, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974); cf. 28 U.S.C. § 636(b)(3).

■ Government counsel's departure from an earlier policy of agreement to this Court's settled procedure, cf., e.g., Remington Arms Co. v. United States, 461 F.2d 1268 (2 Cir. 1972), has resulted from a Department of Justice directive pointing to traditional special master reference restrictions under Rule 53(b), cf. LaBuy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957), and the existence of constitutional restraints upon excessive delegation of federal judicial duties, cf. Article III, United States Constitution, and ordering Justice Department attorneys "not to agree to the designation of a Magistrate as a special master whenever they conclude that such designation would be in contravention of the Consti-

tution or Rule 53(b)", cf. 28 CFR § 50.-11, 38 F.R. 34203 (Dec. 12, 1973). In the circumstances, the present motion to vacate implies more than a wooden insistence upon withholding consent to what defendant erroneously considers a reference under 28 U.S.C. § 636(b)(1) and Rule 53, and suggests a concern over the Judges' possible abdication of Article III powers and responsibilities. Any such concern, however, is without basis in this District's practice. As in the instant action, the decision on dispositive motions is not here left to the magistrate but wholly reserved to the Judge upon review of the magistrate's recommendations of law in the light of the record and papers on file, compare TPO, Inc. v. McMillen, supra, 460 F.2d at 349, and the Judge's decision represents no "pro forma laying on of hands by the district court", Rainha v. Cassidy, 454 F.2d 207, 208 (1 Cir. 1972), but a fully independent exercise of judgment, cf., e. g., Asparro v. United States, supra. Indeed, after reaching his decision the Judge will still entertain requests for reconsideration absence express prior waiver, see *id.*, and such proceedings may in the Court's discretion involve full reargument, cf. Arnold v. Weinberger, supra, despite the lack of an absolute right to oral argument on motions as a matter of course, cf. Rule 78, Fed. R.Civ.P. In this District Court, the magistrate may and does render substantial assistance in a properly advisory capacity, but the Judges alone assume the Article III privilege and obligation of final adjudication, a vital role distinction contemplated by the Federal Magistrates Act and adhered to under local rule and practice. Cf. Hon. Wm. E. Doyle, "Implementing the Federal Magistrates Act", 39 J.B.A.Kan. 25, 29 (1970).

■ In the event of denial of the motion to vacate, defendant has also requested the prerequisite District Court certification pursuant to 28 U.S.C. § 1292(b) for purposes of attempted inter-

locutory appeal that the adverse ruling "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . ." The correctness of this Court's interpretation and application of the Federal Magistrates Act through local rule and practice authorizing referral of potentially dispositive motions to the magistrate for his recommendations does certainly involve a central question of law, but whether there is "substantial ground for difference of opinion" may be doubtful in this Circuit, see Givens v. W. T. Grant Co., supra, cf. also Remington Arms Co. v. United States, supra, if not within the entire federal judicial system, compare, e.g., Ingram v. Richardson, supra, with Weber v. Secretary of HEW, 503 F.2d 1049 (9 Cir. 1974); see also Yascavage v. Weinberger, 379 F.Supp. 1297 (M.D.Pa.1974).

Determinative of defendant's request, however, is that permitting an appeal at this point is obviously more likely to delay rather than to expedite ultimate termination of the suit. The instant action will be promptly decided as a matter of law by a Judge of this Court following submission of the magistrate's written discussion and advisory opinion of the merits of the pending cross-motions for summary judgment. The very authority upon which defendant principally relies in its current application indicates that on an appeal from the judgment the Court of Appeals may note any error in the underlying "reference" while simultaneously disposing of the appeal on the case's merits, cf. Ingram v. Richardson, supra, 471 F.2d at 1272, 1275. Defendant's desire for prior resolution of its procedural contentions has already engendered unnecessary delay in bringing this suit to conclusion, and the professed urgency with which defendant's position is advanced in the pending action is not compelling in the light of government

counsel's patent earlier opportunity to pursue similar objections beyond the District Court level, see, e.g., Arnold v. Weinberger, supra. Moreover, the discretionary provision for interlocutory appeals "should be applied sparingly and only used in exceptional cases", Ratner v. Chemical Bank New York Trust Co., 309 F.Supp. 983, 989 (S.D.N.Y.1970), and the questions now before the Court and the suit itself are not such that immediate appellate review would possibly avoid the unusually protracted and expensive litigation at which 28 U.S.C. § 1292(b) is aimed, see Smith v. Perkin-Elmer Corp., 373 F.Supp. 930 (D.Conn. 1974).

Accordingly, for the reasons stated above defendant's "motion to vacate reference" and attendant request for certification under 28 U.S.C. § 1292(b) are hereby denied.