Mary A. HORTON, Plaintiff, Appellant,

v.

STATE STREET BANK & TRUST COMPANY, Defendant, Appellee.

No. 78–1432.

United States Court of Appeals, First Circuit.

Argued Jan. 3, 1979.

Decided Jan. 23, 1979.

William M. Leonard, Marshfield, Mass., with whom Concannon & Leonard, Marshfield, Mass., was on brief, for plaintiff, appellant.

Thomas G. Dignan, Jr., Boston, Mass., with whom Eleanor D. Acheson, and Ropes & Gray, Boston, Mass., was on brief, for defendant, appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

This is an action for damages brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* by Mary A. Horton against the State Street Bank and Trust Company and one of its officers for alleged sex discrimination in the failure of the Bank to hire Horton. Upon the parties' consent and pursuant to the rules of the district court, the case was tried before a magistrate, who ruled that Horton had failed to make a showing of discrimination on the basis of sex. No review was had or sought in the district court itself. Rather an appeal was taken to this court directly from the magistrate's decision.

■ The first and, in view of our resolution, only question at this juncture is

whether we have appellate jurisdiction. 28 U.S.C. § 1291 empowers a court of appeals to hear appeals from "all final decisions of the district courts of the United States." In the present case, the notice of appeal states that the appeal is from "the decision [of the] U.S. Magistrate dated August 3, 1978." On that date, the United States magistrate to whom the district court had referred the case upon the consent of the parties entered a "Memorandum of Decision" and a separate so-called "Judgment." We do not think that these documents, individually or collectively, constitute a final decision of a district court of the United States from which an appeal to this court can lie.

It is true that the District Court for the District of Massachusetts has provided by local rule that "[a] district judge may, with written consent executed by all of the parties personally, refer any non-jury civil case . . . to the magistrates for the . . . conduct of the trial, and entry of findings of fact, conclusions of law, and final judgment."[1] It is also true that under the Federal Magistrates Act, 28 U.S.C. §§ 631–39, which generally specifies the powers and functions of magistrates, "[a] magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States," 28 U.S.C. § 636(b)(3). We believe, however, that it is beyond the scope of our appellate jurisdiction to accept an appeal from a decision of a magistrate rather than from a district court. *Accord, Taylor v. Oxford,* 575 F.2d 152 (7th Cir. 1978); *Reciprocal Exchange v. Noland,* 542 F.2d 462, 463 (8th Cir. 1976).

In *DeCosta v. Columbia Broadcasting System, Inc.,* 520 F.2d 499 (1st Cir. 1975), *cert. denied,* 423 U.S. 1073, 96 S.Ct. 856, 47 L.Ed.2d 83 (1976), we approved of a consensual reference to a magistrate for decision in the first instance where the district court retained a review function. In the same case we expressed reluctance "to approve even a clearly worded consensual reference to a magistrate which purports to finally bind the parties to his rulings of law." *Id.* at 508. While the quoted language was, strictly speaking, dictum, we would be acting in a manner at odds with the tenor of *DeCosta* were we now to treat a decision of a magistrate, standing alone, as a final decision of a district court appealable to this court. Furthermore, Congress has delineated the powers of magistrates with some specificity; and although the law provides that "additional duties" may be assigned to them, the discretionary authority to enter a final judgment is so fundamentally an exclusive power of an Article III court that we are unwilling to find it within the contemplation of this catch-all, "additional duties" provision. *See Mathews v. Weber,* 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). *See also Reed v. Board of Election Commissioners,* 459 F.2d 121, 123 (1st Cir. 1972) (excessive delegation to magistrate "an abnegation of judicial authority . . . entirely contrary to the provisions of Article III").

To permit district courts to vest magistrates with such authority would significantly enlarge our appellate jurisdiction to embrace decisions by a new group of judicial officers. Without questioning the high caliber of magistrates, in this and other circuits, nor the vital function they serve, we cannot ignore that the procedures for appointing and removing magistrates, their tenure, and the part-time status of some of them materially distinguish magistrates from Article III judges. While under the proposal here advanced a magistrate's authority to enter final judgment would be limited to consensual situations, we cannot overlook the pressures to acquiesce in this procedure which could develop over time, thereby effectively depriving litigants of trials before an Article III court. We hold that we lack jurisdiction over this appeal.

Having so ruled, we are confronted with the parties' urgent request that we nonetheless decide the merits of their appeal. This is impossible given our lack of jurisdiction, even though the lapse of five years

---

1. Rules for U.S. Magistrates, D.Mass., Rule 6 I (Nov. 5, 1974).

since suit was filed makes us loathe to require any further delay. We can, however, minimize further delay and expense by directing the district court to give expedited and priority attention to its review of the magistrate's decision. As the magistrate's decision appears to us to be thorough, cogent, and complete, we would hope that the district court could act within a matter of weeks. Should an appeal thereafter be brought to this court and the posture of the case remain the same after the district court acts, we shall, upon the parties' simple request, take the case under advisement without further oral argument and on the basis of the briefs already tendered, and shall decide at the earliest possible moment.

*Appeal dismissed. No costs.*