Christopher MANION, Plaintiff,

v.

AMERICAN AIRLINES, INC. Defendants.

No. CIV.A. 96–2094(EGS).

United States District Court, District of Columbia.

March 13, 2003.

Randell Charles Ogg, Sherman, Meehan, Curtin & Ain, P.C., Washington, DC, for plaintiff.

Roy Walter Krieger, Paleos & Krieger, Washington, DC, for defendant.

## MEMORANDUM OPINION

SULLIVAN, District Judge.

On October 9, 2002, this Court issued an Order denying defendant's motion to vacate referral to Magistrate Judge Robinson and to vacate Magistrate Judge Robinson's order granting a mistrial. The reasoning for the Court's October 9, 2002 Order is set forth in greater detail in this Memorandum Opinion.

### I. BACKGROUND

On January 31, 2002, pursuant to the consent of both parties, this Court referred this personal injury action for all purposes to Magistrate Judge Deborah A. Robinson pursuant to 28 U.S.C. § 636(c) and U.S. District Court Local Civil Rule 73.1. From that point forward, the matter proceeded in all respects before Magistrate Judge Robinson. A jury trial was conducted before Judge Robinson from April 8, 2002 to April 12, 2002, and concluded with a verdict for defendant. Plaintiff immediately moved for a mistrial. After both parties extensively briefed the issues and following a hearing on the motion, Magistrate Judge Robinson granted

plaintiff's motion and ordered a new trial by Order dated August 1, 2002. Dissatisfied with this result, defendant moved this Court to vacate its referral of the case to Magistrate Judge Robinson for all purposes, or, in the alternative, to vacate the Magistrate Judge's August 1, 2002 Order granting plaintiff a new trial.

## II. MOTION TO VACATE REFERRAL TO MAGISTRATE JUDGE

■ The defendant has failed to meet its burden of proving that an order vacating this Court's referral of this case to Magistrate Judge Robinson is warranted. 28 U.S.C. § 636(c)(4) sets forth the circumstances under which a referral to a Magistrate Judge can subsequently be vacated by a District Court:

> (c)(4) The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection.

Therefore, under the relevant statute, defendant bears the burden of establishing the existence of "extraordinary circumstances" justifying the relief it now seeks from this Court.

The legislative history of § 636(c)(4) suggests that the District Court's power to vacate a referral to a Magistrate Judge should be exercised only "where it is appropriate to have the trial before an article III judicial officer because of the extraordinary questions of law at issue and judicial decision making is likely to have wide precedential importance." 12 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure: Civil § 3071.3 (citing S.Rep. No. 74, 96th Cong., 1st Sess 14 (1979)). Circumstances warranting exercise of this power are described as "rare." *Id.* Although the legislative history sheds no light on the scope or application of the "good cause shown"

and "extraordinary circumstances" standards, commentators assert that the authority provided for by § 636(c) was "certainly not meant to permit a party to argue that rulings by the magistrate judge warranted withdrawal of the case." *Id.* As a general rule, "[c]ourts have not been receptive to the argument that extraordinary circumstances justified withdrawal of the case." *Id.*

■ In what appears to be the only case within this Circuit in which the "extraordinary circumstances" language of § 636(c)(4) has been applied, the District Court refused to vacate its referral of a legal malpractice case to a Magistrate Judge for all purposes. *Clay v. Brown, Hopkins & Stambaugh,* 892 F.Supp. 11 (1995). The District Court rejected the argument, also made at length by defendant here, that the Magistrate Judge's purported "bias," as allegedly manifested through her rulings, was sufficient to meet the "extraordinary circumstances" standard under § 636(c)(4). *Id.* at 12–13. The District Court went on to advise the party seeking to vacate referral to a Magistrate Judge on the basis of bias that "[t]he more appropriate procedure for challenging the impartiality of a judge is through a motion for recusal pursuant to 28 U.S.C. § 455," emphasizing the importance of first presenting allegations of bias and a request for recusal to the judge whose impartiality is at issue. *Id.* at 13; *see also Miami Valley Carpenters District Council Pension Fund v. Scheckelhoff,* 123 F.R.D. 263, 265–66 (S.D.Ohio, 1988). The District Court further cautioned, citing to U.S. Supreme Court precedent, that " 'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.' In addition, judicial remarks that are critical or hostile to counsel, the parties, or their cases do not support a bias challenge." *Clay,* 892 F.Supp. at 15 (citing *Liteky v.*

*United States,* 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)); *see also Frank v. County of Hudson,* 962 F.Supp. 41, 43 (D.N.J.1997).

The U.S. District Court for the Eastern District of Pennsylvania recently followed *Clay* in a similar case, where the party moving to vacate an order of referral to a magistrate judge made allegations essentially identical to those in both *Clay* and this case. *Doe v. National Board of Medical Examiners,* 2001 WL 1003206 at *4 (E.D.Pa. August 14, 2001). In so doing, that court stated "prior adverse rulings, even drastic reduction of an award, are not extraordinary circumstances ... Perceived friction between the party and the magistrate judge, even coupled with adverse rulings, is not extraordinary, but is, in fact, quite ordinary and normal." *Id.* (citations omitted). The *Doe* court also counseled caution before granting a motion to vacate a referral to a Magistrate Judge, citing to potential effects on the Magistrate Judge's decisional independence, as well as the valuable purposes served by referrals to Magistrate Judges. *Id.* at *6, 8 (citation omitted). In light of these concerns, it concluded "[a]bsent the extraordinary, if error be committed, the remedy is not evicting the magistrate judge from the case, but the taking of an appeal." *Id.* (citation omitted). Particular caution is warranted when it appears that the party seeking to vacate a referral to which it previously consented simply wants to "rehash" before a district judge motions decided by the magistrate judge. *See Ouimette v. Moran,* 730 F.Supp. 473, 480 (D.R.I.1990).

The cases cited by the defendant for the proposition that "[i]t is well recognized that bias or prejudice on the part of the magistrate can constitute ... circumstances" extraordinary enough to vacate a referral to a magistrate judge under

§ 636(c)(4) are not persuasive. *See* Def.'s Mot. to Vacate Referral at 10. Rather, some cases list factors which should be considered in the court's exercise of discretion when determining whether a party should be given permission to withdraw its consent to referral to a magistrate judge, in light of the party's concomitant waiver of constitutional rights. *See, e.g., Carter v. Sea Land Services,* 816 F.2d 1018, 1021 (5th Cir.1987) (possibility of bias or prejudice of magistrate judge one factor which should be considered). Other cited cases stand for exactly the contrary proposition. *See, e.g., Doe v. National Board of Medical Examiners,* 2001 WL 1003206 at **2–3, 4, 6 (E.D.Pa. August 14, 2001). Yet others do not directly address the issue at all. *See, e.g., Chanofsky v. Chase Manhattan Corp.,* 530 F.2d 470 (2nd Cir.1976); *United States v. Unum,* 658 F.2d 300 (5th Cir. 1981); *Ouimette v. Moran,* 730 F.Supp. at 480 (bias not at issue); *Southern Agriculture Co. v. Dittmer,* 568 F.Supp. 645 (W.D.Ark.1983).

Although this is not a case in which the Court is considering whether to vacate the order of referral on its own motion under the lesser "good cause shown" standard, courts applying the standard for *sua sponte* action in this regard have held that "prior rulings, even if they would consistently be in favor of one party over the other, do not constitute 'good cause,' any more than they constitute 'extraordinary circumstances.' The 'good cause' intended by the statute is not dissatisfaction with the decisions of the magistrate, but may, in fact be unrelated, 'extrajudicial' matters.' " *Doe,* 2001 WL 1003206 at *6; *see also Frank,* 962 F.Supp. at 43. It has been suggested that the requisite good cause would exist in cases "where a political branch of the government is directly af-

fected, or where a substantial constitutional question is presented, or where the rights of numerous parties not present before the court might be affected by the decision, or in any other case containing sensitivities such that determination by an Article III judge is required to insure the appearance and the reality of independence and impartiality in the decision." *Ouimette,* 730 F.Supp. at 481 (citing *Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc.,* 725 F.2d 537 (9th Cir.1984) (en banc)).

Defendant here has not demonstrated to this Court any facts suggesting the existence of "extraordinary circumstances" warranting the drastic action of vacating the referral made to Magistrate Judge Robinson for all purposes pursuant to the voluntary consent of the parties. Rather, defendant has relied solely on serious allegations impugning Magistrate Judge Robinson's impartiality in support of its motion to vacate the referral. As the case law, including cases cited by the defendant, makes amply clear, such allegations neither meet the standard under the relevant statute for obtaining the relief sought, nor are they properly before this Court, but rather, must be made, if at all, before the judge whose impartiality is being questioned.

### III. MOTION TO VACATE ORDER GRANTING MISTRIAL

■ Defendant's motion in the alternative to vacate Magistrate Judge Robinson's August 1, 2002 Order is not properly before this Court. The statute providing for referral of matters before a U.S. District Court to a Magistrate Judge for some or all purposes also provides:

(c)(3) Upon entry of judgment in any case referred under paragraph (1) of this section, an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgement of the magistrate judge in the same manner as an appeal from any other judgment of a district court.

28 U.S.C. § 636(c)(3). Fed.R.Civ.P. 73 and Local Civil Rule 73.1 track this statutory language. The local rule provides:

(c) An appeal from a judgment of a magistrate judge shall be taken to the United States Court of Appeals for the District of Columbia Circuit, in the same manner as an appeal from any other judgment of the district court in a civil case.

LCvR 73.1(c). The question of whether this Court has "supervisory" jurisdiction to review interlocutory orders of a magistrate judge, such as the disputed order granting a mistrial, has not been conclusively decided within this Circuit.

Nevertheless, the authority available indicates that the District Court's "supervisory authority" over actions referred for all purposes to a Magistrate Judge is limited to consideration of motions to vacate the referral brought under § 636(c)(4), and does not extend to review of interlocutory orders such as that disputed by defendant. It further suggests that appeal, if any is available for such an interlocutory order, must be taken to the Court of Appeals in the same manner as if the Magistrate Judge's Order had been issued by the District Court.

In support of its motion to vacate the order granting a mistrial, defendant cites exclusively cases decided prior to 1996, when significant amendments were made to the relevant statutory provisions. As a result, these cases rely on a now-abrogated version of 28 U.S.C. § 636(c) in holding

that the District Court retains supervisory authority over interlocutory orders of a Magistrate Judge. The single post–1996 case relied on by the defendant discusses retained supervisory authority in the context of a case that had been referred to a magistrate judge for the limited purpose of obtaining a report and recommendation, and supervisory authority was therefore explicitly retained by the District Court judge. That scenario is inapposite here, where the parties have consented to a referral for all purposes, and the cases cited by defendant expressly distinguish the two scenarios. Moreover, some cases cited by defendant as supporting this Court's exercise of supervisory jurisdiction over the proceedings before a Magistrate Judge arguably stand for the contrary proposition. *See, e.g. Taylor v. National Group of Companies, Inc.*, 765 F.Supp. 411, 413–414 (N.D.Ohio 1990) ("When satisfied, [statutes governing consent to referral to a magistrate judge] will deprive a district judge of the authority to hear an appeal from a final determination rendered by a magistrate").

Accordingly, this Court is without jurisdiction to entertain defendant's request that Magistrate Judge Robinson's interlocutory order granting a new trial be vacated, and defendant's motion to vacate that order is properly denied.